

# THE ATTORNEY GENERAL

## OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

December 29, 1971

Honorable William B. Sullivant
District Attorney
235th Judicial District
County Courthouse
Decatur, Texas 76234

Opinion No. M- 1025

Re: Whether "riprap" falls within
the definition of "loose
material" as contained in
Section 3A (b) of House Bill
No. 759, Acts 62nd Legisla-
ture, 1971, R.S., Ch. 363,
p. 1376.

Dear Mr. Sullivant:

Your request for an opinion of this Office and later supplemented
by letter dated November 22, 1971, asks whether "riprap" would come
within the definition of loose material as set out in Section 3A (b) of
House Bill No. 759. The above-referenced provision of the Act reads
as follows:

> "(b) As used in this section, 'loose material' means
> dirt, sand, gravel, wood chips, or other material
> that is capable of blowing or spilling from a vehicle
> as a result of movement or exposure to air, wind
> currents, or weather, but shall not include agri-
> cultural products in their natural state."

Inasmuch as "riprap" as you have defined it is crushed stone having
a general diameter of between 12 and 24 inches and such stone you have
stated has fallen off of trucks onto the highways, we hold that "riprap"
is capable of falling off of vehicles as a result of the movement thereof
and consequently "loose material" within the purview of the Act.

It is clear from a reading of the language of the statute that the exact
nomenclature of the commodity being transported is not, except insofar
as agricultural products are concerned, the determining factor regarding
the applicability of the Act. The purpose and intent of the Act is to

-4999-

prevent or prohibit any loose material from being loaded and transported in such a manner as would allow the material to blow or spill from the truck onto the highways because of movement or wind, thereby endangering the traveling public.

To illustrate the applicability of the Act, a load of watermelons, the same being agricultural products in the natural state, would not be covered by the Act even though a watermelon is "capable of spilling" from a truck because of the movement of that vehicle. On the other hand, a load of rocks or boulders of the same size and shape as your average watermelon would be covered under the provisions of the Act inasmuch as they fall within the broad language of any "other material that is capable of ... spilling from a vehicle as a result of movement. ..."

Therefore, in view of the facts presented, we answer your question in the affirmative.

## SUMMARY

"Riprap" under the facts presented, being a material which is capable of spilling from a truck or motor vehicle because of its movement or exposure to air, wind currents, or weather, falls within the definition of loose material as contained in Section 3A (b) of House Bill No. 759.

Yours very truly,

Crawford C. Martin
Attorney General of Texas

Prepared by Rex H. White, Jr.
Assistant Attorney General

APPROVED:

OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

-5000-

Bart Boling
James Maxwell
Scott Garrison
Wardlow Lane

SAM McDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant